CARAWAY, J.,
dissenting.
Iil dissent and would grant the plaintiffs’ motion for rehearing for the following reasons.
The majority’s ruling overlooks the un-appealed remedy of the trial court afforded to the plaintiffs by the trial court’s judgment against the tax purchaser, Claude A. Dance, Jr., and the judgment’s lack of any adjudication affecting the City. The written judgment which the City chose to appeal in this case surprisingly has no mention of the City as a judgment debtor. It reads in its totality as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the sale of the property described below on June 7, 2002 to Claude A. Dance, Jr., (reflected in the deed described below) be, and it is hereby, nullified and of no effect:
Lot One and North One-Half (N1/2) of Lot 2 of Jacob’s Subdivision, a subdivision in the city of Shreveport, Cad-do Parish, Louisiana, more fully described as:
Beginning at the corner of Jordan Street and Fairfield Avenue (property line), then along Jordan Street 120 feet to the alley; thence along alley 75 feet; thence 120 feet to Fairfield Avenue; thence along Fairfield Avenue 75 feet to the point of beginning, as more fully shown on map recorded in Conveyance Book “S”, page 627 of the records of Caddo Parish, Louisiana, together with all buildings and improvements located thereon, and having Tax Assessor Account Number 171401-052-0051.
IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Clerk of Court of Caddo Parish, be, and he is hereby, ordered to make reference to this judgment on that certain Tax Sale Deed recorded June 14, 2002, under Registry Number 1805205, in Conveyance Book 3537, Page 172 of the records of this parish.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own costs of these proceedings.
|2From this judgment, Dance did not appeal, and there was nothing adjudicated against the City in this case in the foregoing judgment that does not bear its name. There was no declaratory judgment rendered by the trial court contrary to the majority’s opinion. On these grounds alone, the appeal should have been dismissed.
Additionally, with all the procedural rights and substantive remedies afforded the tax debtor both before and after a tax sale of his property, it is difficult for me to understand the cause of action which the plaintiffs have now additionally claimed against the City. The plaintiffs’ rights and remedies are spelled out in our law against the tax sale purchaser for the return of the plaintiffs’ property, not against the municipality to which plaintiffs’ taxes were unquestionably owed. From the looks of the judgment, plaintiffs prevailed against Dance who has not appealed. I would dismiss the City’s appeal on the face of the judgment rendered against Dance and for the lack of a cause of action against the City in the first place.